## MARX *v.* TRAVELERS' INS. CO.

*(Circuit Court, D. Colorado. July 24, 1889.)*

1. INSURANCE—ACCIDENT—VOLUNTARY EXPOSURE TO UNNECESSARY DANGER.

   It cannot be said that a passenger on a railroad train, who goes out onto the platform while the train is in motion, because he is overcome by the heat of the car, or suffering from nausea, voluntarily exposes himself to unnecessary danger, within the meaning of a policy of accident insurance.

2. SAME—RULES OF RAILROAD COMPANY.

   Where a rule forbidding passengers on a railroad train to ride on the platform of a car is generally disregarded by both passengers and trainmen, it cannot be said that to so ride is a violation of "a rule of a corporation," within the meaning of a policy of accident insurance.

At Law. On motion for new trial.

*Patterson & Thomas*, for plaintiff.

*Markham & Dillon*, for defendant.

HALLETT, J. Plaintiff is the widow of Sigmund Marx, to whom defendant issued an accident policy under date of August 19, 1887, for $5,000. Marx came to his death by falling from a platform of a railroad car on which he was a passenger proceeding from Denver to Central City. At the trial it became a question whether in riding upon the platform of a car there was "voluntary exposure to unnecessary danger," or a violation of a rule of the railroad company within the meaning of certain conditions indorsed on the policy. There was testimony to show that in traveling upon cars deceased was at times affected with nausea, and found it necessary to go to the open air for relief. The day of the accident was extremely hot, and other passengers had taken position on the platform on that account. When last seen on the platform deceased was sitting with his feet over the end in a position of some danger in case of collision, but not especially so as to falling from the platform. It may be said, however, that he was riding on the platform, and that the accident would not have occurred if he had kept inside the car. That deceased was in a dangerous position on the platform, as distinguished from the body of the car, in which as a passenger, he was entitled to ride, is clear enough; but whether in going on the platform there was voluntary exposure to unnecessary danger cannot be ascertained except with knowledge of all the circumstances which influenced his conduct. If he was overcome by the heat of the car, or affected with nausea, which impelled him to seek the open air, it

cannot be said that there was voluntary exposure, or that the danger was unnecessarily incurred; and so the jury was advised to consider whether under all the circumstances the case was within that condition of the policy.

As to the condition exempting defendant from liability in case of death from violating a rule of a corporation, it is said that deceased was forbidden to ride on the platform by a rule of the railroad company, which was inscribed on a metal plate on the door of the car. Whether this can be taken to be a rule of a corporation, or what shall be a rule of a railroad corporation within the meaning of the condition, is not very clear. By another condition some limitations are imposed upon policy-holders traveling by rail as follows: "Entering or trying to enter or leave a moving conveyance using steam as a motive power; walking or being on a railway bridge or road-bed." Having thus defined the acts which must be avoided by policy-holders in traveling on cars, I doubt very much whether another can be added under the general designation of a "rule of a corporation." If, however, it shall be conceded that the railroad company had at some time prior to the death of Marx adopted a rule forbidding passengers to ride on the platform of a car, and that such rule was within the general condition of the policy referring to rules of a corporation, it was not then of force. The testimony of the trainmen was to the effect that it was not at all observed. All passengers on the road who were so inclined, and often by the invitation of the trainmen, rode on the platforms of the cars as freely and as commonly as elsewhere. Under such circumstances it cannot be said that there was any rule of the railroad company as to riding on the platform. The cases cited to show that the consent of a conductor of a train or others in authority shall not be effectual to set aside such a rule, in so far as it may affect the liability of the railroad company for any injuries received while in that position, are not controlling. An insurance company offering indemnity for injury or death in case of accident, as to its policy-holders, is not at all in the position of a carrier for hire as to its passengers. The latter is engaged in a special service of peculiar danger, as to which some rules of conduct on the part of its patrons are highly necessary. The former assumes a guardianship in respect to the casualties of life which beset men everywhere, and as to which it is not practicable to impose limitations which shall be constantly borne in mind by the insured. Will any one say that on sea and land, at home and abroad, a policy-holder must constantly consider whether he is within all the rules of all the corporations, public and private, which he may in any way encounter? Whatever the answer may be to any such question, it is plain enough that a rule of a corporation, within the meaning of this policy, must be one which is known to the policy-holder, and of force at the time of the alleged violation. The evidence at the trial did not establish this fact, and the policy cannot be avoided on the ground that deceased was not observing its terms at the time of the accident. The motion for new trial will be denied.